**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4241**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

HOWARD EDWARD MCCALL,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:05-cr-00104-FDW-CH-16)

Submitted: October 27, 2009          Decided: November 20, 2009

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Long, POYNER SPRUILL, LLP, Raleigh, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a lengthy trial, Howard Edward McCall was convicted by a jury of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006). McCall was sentenced to the statutory mandatory minimum of 240 months. See 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2009) (prescribing twenty-year minimum for cases involving fifty grams or more of a mixture or substance containing a detectable amount of cocaine base and a prior felony drug conviction). Finding no error, we affirm.

Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but questions whether the district court erred in denying the Fed. R. Crim. P. 29 motion for judgment of acquittal and in denying the Fed. R. Crim. P. 33 motion for new trial. McCall filed a pro se supplemental brief, challenging his sentence. The Government elected not to file a responsive brief.

Initially, counsel contends that the district court erred in denying the motion for judgment of acquittal. Counsel argues that the evidence was insufficient to support the jury's verdict. We review de novo the district court's denial of a Rule 29 motion for judgment of acquittal. United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). "In conducting such

review, we must uphold a jury verdict if there is substantial evidence, viewed in the light most favorable to the Government, to support it." Id. Both direct and circumstantial evidence are considered, and the government is permitted "all reasonable inferences that could be drawn in its favor." United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). The defendant "must carry an imposing burden to successfully challenge the sufficiency of the evidence." United States v. Martin, 523 F.3d 281, 288 (4th Cir.) (citation omitted), cert. denied, 129 S. Ct. 238 (2008).

With these standards in mind, our thorough review of the trial transcript convinces us that McCall was involved in "'a loosely-knit association of members linked . . . by their mutual interest in sustaining the overall enterprise of catering to the ultimate demands of a particular drug consumption market'" — Mecklenburg County. United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) (en banc) (quoting United States v. Banks, 10 F.3d 1044, 1054 (4th Cir. 1993)). "[W]hile many conspiracies are executed with precision, the fact that a conspiracy is loosely-knit, haphazard, or ill-conceived does not render it any less a conspiracy — or any less unlawful." Id. We therefore conclude that there was sufficient evidence to support the jury's verdict. See United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir.) (discussing elements of the

3

offense), cert. denied, 129 S. Ct. 137 (2008).  To the extent McCall argues that the Government's case rested in large part on the unreliable testimony of the cooperating witnesses, it is not the province of this court to second-guess the credibility determinations of the factfinder.  See United States v. Wilson, 484 F.3d 267, 283 (4th Cir. 2007).

Counsel also contends that the district court erred in denying the motion for new trial.  We review a district court's order granting or denying a motion for new trial under Rule 33 for abuse of discretion.  United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001) (stating standard of review and providing standard).  Our review of the record leads us to conclude that the district court correctly determined the defendant failed to satisfy each of the Fulcher requirements.  Therefore, the district court did not abuse its discretion in denying the motion for new trial.

McCall contends in his pro se supplemental brief that his sentence is unreasonable.  When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006).  Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 596 (2007).  Further, the district court "must place on the record an individualized assessment [of the § 3553(a) factors] based on the particular

4

facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks and citation omitted). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Gall, 128 S. Ct. at 591. A sentence within the properly calculated Guidelines range is presumed reasonable by this court. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing McCall, appropriately treating the Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and applying the § 3553(a) factors to the facts of the case. McCall's 240-month sentence, which is the Guidelines range and the statutory mandatory minimum, is also presumptively reasonable.

However, McCall argues that the 1995 state conviction used for enhancement under 21 U.S.C. § 851 (2006) was obtained in violation of his constitutional protection from double jeopardy because he was allegedly assessed a "drug tax" in North Carolina prior to conviction. Since McCall did not challenge his sentence on this basis in the district court, review is for plain error. See, e.g., United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009) ("Procedural sentencing errors are

5

forfeited, and therefore may be reviewed only for plain error, if no objection was raised in the district court."). To establish plain error, the defendant must show that an error occurred, that the error was plain, and that the error affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (stating defendant bears burden of establishing each of the plain error requirements). McCall has failed to establish each of the plain error requirements, which is his burden. Therefore, we conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED