**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4746**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

WILLIE LEE ARTIST,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (5:03-cr-00106-H-2)

───────────

Submitted:  May 18, 2010         Decided:  June 4, 2010

───────────

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. John Stuart Bruce, First Assistant United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Lee Artist appeals from his twenty-one month sentence imposed upon the revocation of his supervised release. On appeal, Artist asserts that his sentence is both procedurally and substantively plainly unreasonable. Specifically, he contends that the district court failed to consider the statutory sentencing factors in choosing to impose a consecutive sentence, failed to provide reasoning for choosing the specific sentence, and essentially treated the Guidelines as mandatory. In addition, Artist asserts that his state sentence adequately addressed the relevant sentencing factors and was sufficient punishment. We affirm.

We review a sentence imposed as a result of a supervised release violation to determine whether the sentence is plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The first step in this analysis is a determination of whether the sentence is unreasonable. Id. at 438. In determining reasonableness, we follow generally the procedural and substantive considerations employed in reviewing original sentences. Id. However, "[t]his initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 438).

2

When imposing sentence, a district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the guidelines range. United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). While "[t]his individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." Id. (internal quotation marks and citation omitted). In addition, "[w]here [the parties] present[] nonfrivolous reasons for imposing a . . . sentence [outside the advisory guidelines range,] . . . a district judge should address the party's arguments and explain why he has rejected those arguments." Id. at 328 (internal quotation marks and citation omitted). An appellate court may not guess at a district court's sentencing rationale. Id. at 329-30; see also United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (applying Carter to revocation hearings, but noting that "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence . . . .").

Here, even assuming that the district court's consideration of Artist's arguments and explanation of the sentence imposed was insufficient, we review the issue for plain error. Although Artist and his counsel spoke extensively about

3

his background and circumstances at sentencing, they failed to request a sentence different than the one imposed. Artist did not request a sentence lower than the Guidelines range or a sentence concurrent with his state sentence. Accordingly, Artist did not preserve his objection to the adequacy of the explanation of the sentence and, therefore, his procedural claims are reviewed for plain error. See United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010).

"To establish plain error, [Artist] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Moreover, even if Artist satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted). In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal quotation marks and citation omitted); see also United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009) ("In the sentencing context, an error was prejudicial only if

4

there is a reasonable probability that the defendant would have received a lighter sentence but for the error.").

Here, Artist fails to assert on appeal that he would have received a lesser sentence had the court addressed his arguments in pronouncing the sentence. Artist was sentenced at the low end of the advisory Guidelines range, based on several supervised release violations occurring over the course of several months. Additionally, the motion for revocation noted that Artist had violated his supervised release as early as five days after he was released from prison and continued to do so throughout his supervision period. Therefore, we conclude that Artist has not demonstrated that the court's failure to specifically address his arguments and articulate its reasoning affected his substantial rights. As such, there was no plain error arising from any procedural irregularities.

As to the substantive reasonableness of the sentence, Artist fails to rebut the presumption that his sentence is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (holding that sentence within a properly calculated Guidelines range is reasonable). Artist was sentenced at the bottom of his correctly calculated Guidelines range, even though he had a history of repeated supervised release violations. The court had discretion to impose a consecutive or a concurrent sentence, see United States v. Contreras-Martinez, 409 F.3d

1236, 1241 (10th Cir. 2005); its decision was rendered after hearing argument from both parties; and the record does not support Artist's assertion that the district court applied the Guidelines in a mandatory manner.  Accordingly, we conclude that substantively Artist's sentence was not plainly unreasonable.

Based on the foregoing, we affirm Artist's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6