**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 10-4498**

————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

SANA LEE SANFORD,

               Defendant - Appellant.

————————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:99-cr-00197-1)

————————

Submitted:  November 30, 2010     Decided:  January 6, 2011

————————

Before NIEMEYER and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

Mary Lou Newberger, Federal Public Defender, Christian M. Capece, Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant.  R. Booth Goodwin, II, United States Attorney, Monica L. Dillon, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sana Lee Sanford appeals the fifteen-month sentence imposed upon revocation of his term of supervised release. Sanford argues on appeal that his sentence is procedurally unreasonable because the district court failed to provide a sufficient explanation for the sentence imposed. We affirm.

We will not disturb a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks and citation omitted).

The district court's discretion is not unlimited, however. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). For instance, the district court commits procedural error by failing to adequately explain the chosen sentence or by not providing an individualized assessment based on the facts. Gall v. United States, 552 U.S. 38, 51 (2007). Although "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-

conviction sentence, . . . it still must provide a statement of reasons for the sentence imposed. Thompson, 595 F.3d at 547 (internal quotation marks and citation omitted). The judge also must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Sanford does not challenge the revocation of his supervised release or the calculation of his policy statement range. His sole contention is that his sentence is procedurally unreasonable because the district court failed to provide a sufficient explanation for the sentence imposed and that this procedural error rendered his sentence plainly unreasonable.[*] Sanford did not request a sentence outside the policy statement range. Therefore, we review his challenge to the adequacy of the explanation for the within-policy statement range sentence for plain error. Cf. United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010) (finding error not preserved where defendant failed to seek sentence outside guidelines range).

---

[*] Sanford questions this court's use of the plainly unreasonable standard as provided in Crudup. However, as Sanford acknowledges, a panel of this court cannot overrule the precedent set by another panel. United States v. Foster, 507 F.3d 233, 251 n.12 (4th Cir. 2007).

3

"To establish plain error, [Sanford] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Sanford satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted) (third alteration in original).

In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal quotation marks and citation omitted); see also United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009) ("In the sentencing context, an error was prejudicial only if there is a reasonable probability that the defendant would have received a lighter sentence but for the error.").

Here, Sanford does not dispute that the policy statement range was properly calculated and he was sentenced at the bottom of that range. Sanford failed to present any arguments for deviating from that range. Therefore, regardless of whether the district court committed an error and whether any

4

such error was plain, Sanford cannot show that the court's failure to more thoroughly explain the supervised release revocation sentence affected his substantial rights. Therefore, he cannot establish plain error.

Accordingly, we conclude that Sanford's sentence is not plainly unreasonable and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED