**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4397**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LASHAWN TERRELL FAULKNER,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:07-cr-00129-BO-1)

Submitted: December 29, 2010     Decided: February 3, 2011

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lashawn Terrell Faulkner appeals the twenty-four-month sentence imposed upon revocation of his term of supervised release. Faulkner contends that his sentence is procedurally unreasonable because the district court failed to provide a sufficient explanation for the sentence imposed. We affirm.

We will not disturb a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks and citation omitted).

The district court's discretion is not unlimited, however. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). For instance, the district court commits procedural error by failing to adequately explain the chosen sentence or by not providing an individualized assessment based on the facts. Gall v. United States, 552 U.S. 38, 51 (2007). Although "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-

2

conviction sentence, . . . it still must provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (internal quotation marks and citation omitted). The judge also must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and citation omitted).

Faulkner argues that the district court failed to provide a sufficient explanation for the sentence imposed and that this procedural error rendered his sentence plainly unreasonable. Faulkner did not request a sentence outside the policy statement range. Therefore, we review his challenge to the adequacy of the explanation for the within-policy statement range sentence for plain error. See Thompson, 595 F.3d at 546 (explaining that "a defendant need only ask for a sentence outside the range calculated by the court prior to sentencing in order to preserve his claim for appellate review"); United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010) (concluding error not preserved where defendant failed to seek sentence outside guidelines range).

"To establish plain error, [Faulkner] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad,

3

478 F.3d 247, 249 (4th Cir. 2007). Even if Faulkner satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted; third alteration in original).

In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal quotation marks and citation omitted); see also United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009) ("In the sentencing context, an error was prejudicial only if there is a reasonable probability that the defendant would have received a lighter sentence but for the error."). Faulkner does not dispute that the policy statement range was properly calculated and he was sentenced within that range. Because he failed to present any arguments for deviating from that range, Faulkner cannot show that the court's failure to more thoroughly explain the supervised release revocation sentence affected his substantial rights. Therefore, he cannot establish plain error.

Accordingly, we conclude that Faulkner's sentence is not plainly unreasonable and affirm the judgment of the district

court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED