**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4411**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANTHONY DURAND WALLACE,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:06-cr-00147-BR-2)

Submitted:  January 31, 2011          Decided:  February 17, 2011

Before GREGORY, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Durand Wallace appeals the twenty-four month sentence imposed on him for violation of the terms and conditions of his supervised release. Wallace argues that his revocation sentence is plainly unreasonable. We affirm.

In 2006, Wallace pled guilty to conspiracy, wire fraud, aggravated identity theft, and aiding and abetting in these crimes in violation of 18 U.S.C. §§ 2, 371, 1343, and 1028A (2006). The district court sentenced him to thirty-four months' imprisonment followed by three years' supervised release. Wallace began his term of supervision on October 8, 2008. A year later, a probation officer petitioned the district court for revocation of Wallace's term of supervised release. In that petition, and in two amended petitions filed in subsequent months, the probation officer explained Wallace had, in violation of the terms of his supervised release: (1) been arrested in January 2009 for breaking into a car, stealing a credit card, and — within forty minutes — making $1,000 worth of unauthorized purchases; (2) absconded from supervision; and (3) tested positive for an illegal substance.

Wallace did not dispute these allegations at his revocation hearing, nor did he ask for a below-guidelines sentence. After hearing argument from the parties and allowing Wallace to address the court, the district court imposed the

twenty-four month statutory maximum revocation sentence, explaining as it did so that it had considered the policy statements pertaining to revocation sentences in chapter seven of the United States Sentencing Guidelines (2009).

Because Wallace did not request a sentence outside the policy statement range we must review his challenge to the adequacy of the explanation for his sentence for plain error. United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010) (finding error not preserved where defendant failed to seek sentence outside guidelines range). "To establish plain error, [Wallace] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Wallace satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted) (third alteration in original).

In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal quotation marks and citation omitted); see

3

also <u>United States v. Miller</u>, 557 F.3d 910, 916 (8th Cir. 2009) ("In the sentencing context, an error was prejudicial only if there is a reasonable probability that the defendant would have received a lighter sentence but for the error."). We conclude Wallace cannot meet this rigorous standard on this record.

Wallace's return to serious criminal conduct almost immediately following his release from custody; failure to respond to the supervision of his probation officer; use of illegal substances; and robust criminal history all militate against a determination that his substantive rights were affected by any inadequacy in the district court's explanation. Finally, there is no evidence supporting Wallace's assertion that the district court ignored his claim that his return to criminal behavior, drug use, and flight was "triggered" by his mother's illness and death. Instead, the court implicitly rejected that argument and apparently concluded that Wallace's personal circumstances, while tragic, did not warrant a lower revocation sentence.

Accordingly, we conclude Wallace's challenge to his revocation sentence cannot withstand plain error review, as he cannot establish that any error by the district court affected his substantial rights. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED