**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5090**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

NOE AGUILERA AGUILA,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (4:10-cr-00053-FL-1)

Submitted:  March 30, 2011            Decided:  June 28, 2011

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Noe Aguilera Aguila ("Aguila") appeals his ten-month sentence for violation of his term of supervised release. Aguila argues that his revocation sentence is plainly unreasonable because the district court failed to give an adequate explanation for the sentence it chose. For the reasons that follow, we affirm.

In 2009, Aguila pled guilty to possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5) & 924(a)(2) (2006). He was sentenced to twelve months' imprisonment followed by three years' supervised release. Aguila began his term of supervision on June 3, 2009. He also was deported.

On August 20, 2010, a probation officer petitioned the district court for revocation of Aguila's term of supervised release. The probation officer explained Aguila had, in violation of the terms of his supervised release, engaged in criminal conduct. Specifically, Aguila had been arrested for misdemeanor larceny, and he also subsequently pled guilty to illegal reentry by an aggravated felon.

Aguila did not dispute at his revocation hearing that he had committed the acts in question, nor did he ask for a below-policy-statement-range sentence. However, he requested a sentence at the low end of the four- to ten-month range, asking

2

the court to consider that he was already serving two years for his illegal reentry, had once been granted temporary protected status in the United States, had served six years in the military of his native Honduras, and had come to the United States to escape poverty. The Government sought a sentence at the high end of the policy statement range, noting that in the course of committing the possession of a firearm by an illegal alien offense, Aguila had brandished or attempted to brandish a firearm in the presence of a police officer. Furthermore, the Government pointed out that Aguila was deported shortly after serving his prison term, but that he quickly returned and committed another crime, namely the larceny.

After hearing argument from the parties, the district court imposed a ten-month sentence, the top of the advisory policy statement range. The court explained that it had considered the policy statements pertaining to revocation sentences in Chapter Seven of the federal sentencing guidelines and that a ten-month sentence accomplished the goals of sentencing and reflected the guidelines policies.

Because Aguila did not request a sentence outside the policy statement range, we review his challenge to the adequacy of the explanation for his sentence for plain error. See United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010) (explaining in the probation revocation context that "a

3

defendant need only ask for a sentence outside the range calculated by the court prior to sentencing in order to preserve his claim for appellate review"); United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010) (finding error not preserved where defendant failed to seek sentence outside guidelines range). "To establish plain error, [Aguila] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Aguila satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted) (third alteration in original).

In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Angle, 254 F.3d 514, 518 (4th Cir. 2001) (en banc); see also United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009) ("In the sentencing context, an error was prejudicial only if there is a reasonable probability that the defendant would have received a lighter sentence but for the

error."). We conclude Aguila cannot meet this rigorous standard on this record.

Aguila's disregard for the law, demonstrated by his rapid return to the United States following deportation and his commission of yet another offense, militates against a finding that his substantial rights were affected by any inadequacy in the district court's explanation of his sentence. Moreover, Aguila fails to argue, and nothing in the record indicates, that the court would have imposed a lighter sentence had it provided a more thorough explanation.

Accordingly, we conclude Aguila's challenge to his revocation sentence cannot withstand plain error review, as he cannot establish that any error by the district court affected his substantial rights. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED