**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4749**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

BRIAN O'NEAL HARRIS,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.   Terrence W. Boyle, District Judge.  (2:05-cr-00012-BO-1)

Submitted:  January 31, 2012          Decided:  March 22, 2012

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian O'Neal Harris appeals his twenty-four-month sentence for violation of his term of supervised release. Harris argues that his revocation sentence is plainly unreasonable because the district court failed to explain the sentence it chose. For the reasons that follow, we affirm.

Following his guilty plea to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924 (2006), Harris was sentenced in 2006 to forty-six months' imprisonment followed by a thirty-six-month term of supervised release. Harris began his term of supervision on September 21, 2009.

On March 10, 2011, a probation officer petitioned the district court for revocation of Harris' term of supervised release. The probation officer explained that Harris had, in violation of the terms of his supervised release, engaged in criminal conduct and possessed a controlled substance. Specifically, Harris had been arrested in North Carolina on charges of Possession With Intent to Sell and Deliver Marijuana, Possession of Stolen Goods/Property, and Driving While Impaired.

Harris pled no contest to the conduct charged in the petition for revocation of supervised release because the state charges were still pending. He presented no evidence in response to the evidence introduced by the Government regarding

2

the violations.   The court found that the violations had been established and that Harris' policy statement range under the Sentencing Guidelines was twenty-four months.

Afterwards, defense counsel submitted a letter from a McDonald's restaurant stating that Harris was a "critical worker," and noted that Harris worked for McDonald's "pretty regularly" after being placed on supervised release.   Harris asked the court for mercy.   The court questioned the parties about Harris' income, the status of the state charges, the circumstances under which drugs were found in Harris' vehicle, and his prior murder conviction.   Without further elaboration, the court then imposed a twenty-four-month sentence, the statutory maximum penalty and the advisory policy statement term.[1]

Because Harris did not request a sentence outside the policy statement range, we review his challenge to the adequacy

---

[1] Harris' Grade A supervised release violation and placement in Criminal History Category V yielded an advisory policy statement range of thirty to thirty-seven months under U.S. Sentencing Guidelines Manual § 7B1.4(a)(1), p.s. (2005), but because the statutory maximum sentence for Harris' violation was twenty-four months, see 18 U.S.C. § 3583(e)(3) (2006), his advisory policy statement term became twenty-four months.  USSG § 7B1.4(b)(1) (stating where statutory maximum lower than bottom of policy statement range, statutory maximum becomes policy statement range).

of the explanation for his sentence for plain error.[2]  Lynn, 592 F.3d at 580 (finding error not preserved where defendant failed to seek sentence outside Guidelines range).  "To establish plain error, [Harris] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Harris satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. (alteration in original) (internal quotation marks and citation omitted).

In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject."  United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal quotation marks and citation omitted); see

---

[2]  Harris contends that he preserved the issue of the adequacy of the district court's explanation for his sentence because he asked the court for mercy at the revocation hearing and counsel noted his positive work record.  A defendant preserves a claim of sentencing error when he "draw[s] arguments from [18 U.S.C.] § 3553 [2006] for a sentence different than the one ultimately imposed."  United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010).  We find Harris' bald request for mercy and counsel's remarks were not sufficient to preserve for appellate review the adequacy of the district court's explanation of the sentence.

also <u>United States v. Miller</u>, 557 F.3d 910, 916 (8th Cir. 2009) ("In the sentencing context, an error was prejudicial only if there is a reasonable probability that the defendant would have received a lighter sentence but for the error."). We conclude Harris cannot meet this rigorous standard on this record.

Assuming arguendo that the district court's explanation was inadequate, Harris fails to argue, and nothing in the record indicates, that the court would have imposed a lighter sentence had it provided a more thorough explanation. Accordingly, we conclude Harris' challenge to his revocation sentence cannot withstand plain error review, as he cannot establish that any error by the district court affected his substantial rights. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5