# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3067

_____

United States of America,            *
                                      *

       Appellee,         *

                                     *   Appeals from the United States
     v.                  *   District Court for the
                                     *   District of South Dakota.

Walter Randall Miller,         *
also known as Randy Miller,     *

                                     *

       Appellant.        *

_____

No. 07-3069

_____

United States of America,            *

       Appellee,         *

     v.                  *

Walter Randall Miller,         *

       Appellant.        *

_____

Submitted:  June 10, 2008
Filed:  March 9, 2009

_____

Before SMITH, BOWMAN, and GRUENDER, Circuit Judges.

_____

BOWMAN, Circuit Judge.

In this consolidated appeal, Walter R. Miller argues that the District Court[1] erred by revoking his supervised release and by imposing an unreasonable sentence following the revocation. We affirm.

On March 24, 2003, Miller pleaded guilty to one count of converting mortgaged property and one count of conspiring with his wife, Mary I. Miller, to defraud the United States by failing to file employment-tax returns or pay employment taxes from 1994 to 2002. After accepting Miller's guilty plea on each count, the District Court imposed concurrent sentences of sixteen months' imprisonment followed by three years' supervised release. As a special condition of release for both convictions, Miller was required to "cooperate fully" with the Internal Revenue Service ("IRS") in filing "all tax returns as required by law" ("Special Condition 8") and to "cooperate with the [IRS] in making full payment of all taxes, interest, and penalties" within one year from the commencement of his supervised release ("Special Condition 9"). Js. at 4. Miller did not seek to clarify or revise either special condition.

In December 2006, Probation Officer Tiller filed a petition to revoke Miller's supervised release because, contrary to Special Conditions 8 and 9, Miller had not filed his personal tax return for 2005 nor had he paid his outstanding tax obligation to the IRS. After a hearing, the District Court revoked Miller's supervised release on both the conversion and the employment-tax convictions and sentenced Miller to consecutive terms of fourteen months in prison, followed by concurrent, twenty-month terms of supervised release. The court also re-imposed Special Conditions 8 and 9, and the court added a special condition requiring Miller to pay, jointly and

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

-2-

severally with his wife, $2,000 per month toward his IRS debt beginning thirty days after his release from prison ("Special Condition 10"). The court explained that if Miller complied with Special Condition 10, he could avoid future revocation of supervised release for failure to pay his tax obligation.

On appeal, Miller argues that because Special Conditions 8 and 9 were vague, ambiguous, contrary to law, and based on clearly erroneous factual findings, the District Court erred in revoking his supervised release based on a violation of those conditions. Miller also asserts that the District Court erred in revoking his supervised release because the government failed to establish that he violated the conditions of his release. Finally, Miller argues that his sentence is both procedurally flawed and substantively unreasonable.

Miller first argues that the District Court erred in revoking his supervised release based on violations of Special Conditions 8 and 9 because those conditions were vague, ambiguous, and contrary to law. As noted above, however, Miller did not raise any objection to the conditions of his supervised release at the time they were imposed or at any time prior to the filing of the petition for revocation. We reject Miller's attempt to collaterally attack the validity of his underlying sentence in an appeal of the revocation of his supervised release. A defendant may challenge the validity of his underlying conviction and sentence through a direct appeal or a habeas corpus proceeding, not through a collateral attack in a supervised-release revocation proceeding. United States v. Johnson, 11 Fed. App'x 636, 636 (8th Cir.) ("An appeal from a probation revocation is not the proper avenue through which to attack the validity of the original sentence." (citations and quotation marks omitted)), cert. denied, 534 U.S. 914 (2001); cf. United States v. Novak, 217 F.3d 566, 570–71 (8th Cir.) (holding that defendant's failure "to appeal the restitution order to which he now objects" foreclosed consideration of that order on appeal of supervised-release revocation), cert. denied, 531 U.S. 1043 (2000); United States v. Evans, 87 F.3d 1009, 1010 (8th Cir. 1996) ("Because [defendant] never appealed from that earlier

proceeding, we believe that he waived the issue of any legal infirmity in that sentence."); United States v. Warren, 335 F.3d 76, 78 (2d Cir. 2003) (holding that "the validity of an underlying conviction or sentence may not be collaterally attacked in a supervised release revocation proceeding and may be challenged only on direct appeal or through a habeas corpus proceeding" and citing cases from four other circuits holding the same).

Miller next argues that the District Court erred in revoking his supervised release because the evidence was insufficient to establish that he violated Special Conditions 8 and 9. A district court may revoke a defendant's term of supervised release and impose a sentence of imprisonment if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). A district court need only find a single violation to revoke a defendant's supervised release. See id. (noting that a district court may revoke supervised release if a defendant "violated **a** condition" of that release" (emphasis added)). We review a district court's decision to revoke supervised release for an abuse of discretion and the court's underlying "factual findings as to whether a violation occurred" for clear error. United States v. Ralph, 480 F.3d 888, 890 (8th Cir. 2007). The District Court's decision to revoke Miller's supervised release based on his failure to comply with Special Conditions 8 and 9 was amply supported in the record and was well within the court's discretion.

Special Condition 8 required that Miller "cooperate fully with the [IRS] in [the] filing of all tax returns as required by law." Js. at 4. A tax return filed with the IRS that does not contain sufficient information from which the IRS can calculate an accurate tax liability is not a tax return filed "as required by law." See United States v. Marston, 517 F.3d 996, 1001 (8th Cir. 2008). In September 2005, Miller filed delinquent personal income tax returns for the years 2000 through 2004 with IRS Officer Pommer, and copies of those returns were admitted into evidence at the revocation hearing. At the time the returns were filed, Miller indicated that "he'd have

to file amended returns at a later date and correct" those returns. Tr. of Feb. 27, 2007, Rev. Hr'g at 31. Probation Officer Tiller testified at the hearing that Miller admitted that the 2000 through 2004 returns were "not all correct" and that "mistakes" on those returns would have to be "corrected." Tr. of Feb. 21, 2007, Rev. Hr'g at 41. Moreover, Special Agent Anderson testified that Miller failed to timely file his 2005 personal income tax return and that Miller did not seek or obtain an extension to file that return.[2] Tr. of Feb. 27, 2007, Rev. Hr'g at 60–61. Miller eventually filed his 2005 personal income tax return in January of 2007. IRS Officer Pommer testified that Miller failed to return telephone calls, respond to written correspondence, or provide timely and complete financial information as requested. IRS Officer Pommer described Miller as "not cooperative" based on Miller's unresponsiveness and reluctance to voluntarily provide pertinent tax information. Id. at 35. Probation Officer Tiller informed the court that he did not believe it was possible to supervise Miller because Miller continued "to display a lack of remorse, empathy, judgment and responsibility and would eventually revert to new law violations." Tr. of June 18, 2007, Sent. Hr'g at 62.

Based on this testimony and a review of the tax returns themselves, the District Court concluded that the 2000 through 2004 filings did not comply with Miller's obligation under Special Condition 8 to file "all tax returns as required by law" because the returns were "not accurate" and were not filed in "good faith." Tr. of Feb. 27, 2007, Rev. Hr'g at 191. Determining that Miller had not complied with Special Condition 8, the court stated that Miller had displayed "absolutely no good faith . . . , it's all bad faith" and had "tried to hoodwink the Court, very frankly, with a shell game as to all these different tax returns." Tr. of June 18, 2007, Sent. Hr'g at 63–64. The court explained, "As soon as I saw those [2000 through 2004] tax returns . . . , I knew that these were fraudulent tax returns. They weren't worth the paper they

---

[2]Miller also concedes in his brief that he told IRS Officer Pommer that the 2000 through 2004 returns "might have [had] some inaccurate figures and would need to be amended." Br. of Appellant at 13.

were written on." Id. at 64. We cannot say that the District Court clearly erred in finding that Miller violated Special Condition 8, nor can we say that the court abused its discretion in revoking Miller's release based on that violation.

Because the District Court did not abuse its discretion in revoking Miller's supervised release based on a violation of Special Condition 8, we need not consider Miller's arguments with respect to Special Condition 9. See 18 U.S.C. § 3583(e)(3). But even if we were to consider Miller's arguments, we would still conclude that the District Court did not abuse its discretion in revoking Miller's supervised release. Prior to his original sentencing in the conversion and employment-tax cases, Miller deposited $50,000 with the court to be applied to the then $67,000 tax debt related to his employment-tax conviction. Special Condition 9 required that Miller make "full payment of **all** taxes, interest, and penalties" within one year from the commencement of his supervised release. Js. at 4 (emphasis added). Miller argues that Special Condition 9 required only the payment of the remaining $17,000 balance due to the IRS on the employment-tax conviction.[3] Even if we were to accept Miller's constricted reading of "all taxes, interest, and penalties," the evidence nevertheless established that Miller failed to comply with Special Condition 9. Miller paid nothing toward his outstanding employment-tax liability after he deposited the $50,000 partial payment with the court prior to his original sentencing. Miller did not remit any additional payment to the IRS in satisfaction of this obligation[4]—despite the fact that he was found capable of doing so. Tr. of Feb. 21, 2007, Rev. Hr'g at 27–28. Because there remained an outstanding balance of at least $17,000 on Miller's employment-tax

_____

[3]We note that because penalties and interest continued to accrue while this balance remained unpaid, the $17,000 figure understates the actual amount due to the IRS with respect to the employment-tax conviction.

[4]The IRS seized approximately $2,300 from one of Miller's bank accounts in June 2006. It is unclear whether this money was applied to Miller's employment-tax liability, but Miller did not make any payments voluntarily.

obligation, Miller did not even make "full payment" of the only tax obligation he contends was required to be paid under Special Condition 9.

Miller also argues that because his revocation was based, at least in part, on the court's determination that Special Condition 9 required the payment in full of roughly $600,000 in outstanding tax liabilities not related to the employment-tax conviction, that condition was impermissibly vague and cannot be the basis for revocation. Again, Miller did not object to Special Condition 9 when it was imposed by the court at his original sentencing, nor did he request that the court clarify or revise the terms he now contends are impermissibly vague and ambiguous. As we have already concluded, Miller cannot collaterally attack the validity of his underlying sentence in an appeal of his supervised-release revocation.

In sum, were we to consider Miller's arguments with respect to Special Condition 9, we would conclude that the District Court did not clearly err in finding that Miller violated the condition, nor did the court abuse its discretion in revoking Miller's release based on such violation.

Miller next argues that the sentence imposed by the District Court was both procedurally unsound and substantively unreasonable. We review a district court's revocation sentencing decisions using the same standards that we apply to initial sentencing decisions. United States v. Cotton, 399 F.3d 913, 916 (8th Cir. 2005). In reviewing for abuse of discretion, we must first ensure that the court committed no significant procedural error, such as improperly calculating the sentence under the Guidelines, failing to consider relevant 18 U.S.C. § 3553(a) sentencing factors, imposing a sentence based on clearly erroneous facts, or failing to adequately explain the reasons for the sentence imposed. See Gall v. United States, 128 S. Ct. 586, 597 (2007). Procedural sentencing errors are forfeited, and therefore may be reviewed only for plain error, if no objection was raised in the district court. See United States v. Bain, 537 F.3d 876, 881 (8th Cir. 2008). Once we are satisfied that the sentencing

decision is free of significant procedural error, we consider the substantive reasonableness of the length of the sentence under an abuse-of-discretion standard. Gall, 128 S. Ct. at 597. A defendant need not object to preserve an attack on the length of the sentence imposed if he alleges only that the District Court erred in weighing the § 3553(a) factors. See United States v. Wiley, 509 F.3d 474, 477 (8th Cir. 2007) (noting that no objection is required to preserve the error where a defendant asserts only that the length of his sentence is unreasonable).

According to Miller, the District Court committed procedural sentencing error by improperly imposing consecutive sentences, relying on clearly erroneous factual findings, failing to adequately explain the reasons for the sentence imposed, and neglecting to consider alternatives to incarceration. Because Miller did not object to these alleged errors before the District Court, we review them for plain error. Bain, 537 F.3d at 881; United States v. Brandon, 521 F.3d 1019, 1027 (8th Cir.), cert. denied, 129 S. Ct. 314 (2008). To establish plain error, Miller must prove that (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). We will exercise our discretion to correct such an error only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations marks and citation omitted). An error affects a substantial right if the error was prejudicial. Id. at 734. In the sentencing context, an error was prejudicial only if there is a reasonable probability that the defendant would have received a lighter sentence but for the error. United States v. Pirani, 406 F.3d 543, 552 (8th Cir.) (en banc), cert. denied, 546 U.S. 909 (2005).

Here, the District Court considered the three-to-nine-month revocation sentence recommended under the Guidelines, but elected to impose consecutive fourteen-month terms of imprisonment. Each sentence was within the statutory limits of 18 U.S.C. § 3583(e)(3), and the court had discretionary authority under 18 U.S.C. § 3584 to order that the sentences run consecutively. See United States v. Baker, 491 F.3d 421,

424 (8th Cir. 2007) (affirming revocation sentence of consecutive twenty-four-month terms of imprisonment where defendant originally pleaded guilty to one Class C felony and one Class D felony); United States v. Cotroneo, 89 F.3d 510, 512 (8th Cir.) (stating that a decision to impose a consecutive or concurrent sentence upon revocation of supervised release is committed to a district court's sound discretion), cert. denied, 519 U.S. 1018 (1996). The District Court based its sentencing determination on factual findings that were not clearly erroneous, adequately explained the reasons for the sentence imposed, and considered alternatives to imprisonment. As noted above, the court found by a preponderance of the evidence, see 18 U.S.C. § 3583(e)(3), that Miller refused to cooperate with the IRS, failed to pay his outstanding tax debt, filed incomplete and inaccurate personal tax returns for the 2000 through 2004 tax years, and failed to file a personal tax return for the 2005 tax year. Each of these findings was amply supported in the record. Explaining its reasons for imposing the ultimate sentence, the court noted that it was "disturbing" that despite the "considerable leniency" extended to Miller at his original sentencing, Miller continued to behave as if he were "above the law." Tr. of June 18, 2007, Sent. Hr'g at 58–59. The court stated that it had "tried everything possible" to get Miller to "comply with the judgments of this Court," but that Miller continued his efforts "to frustrate the [IRS] and this Court and the Court takes a very dim view of that." Id. at 65–66. The District Court rejected Miller's arguments for mitigating his sentence, specifically noting that Miller could receive any necessary medical treatment while incarcerated. Id. at 61–62. We hold that the District Court did not commit procedural sentencing error—plain or otherwise.

And even if we were to assume that the District Court committed the significant procedural sentencing error alleged by Miller and that such error was plain, we would reject Miller's arguments because he cannot establish prejudice, i.e., that there is a reasonable probability that the District Court would have imposed a lighter sentence absent the error. Summarizing its displeasure with Miller's failure to comply with the terms of his supervised release, the court stated:

[W]hen the Court grants leniency to somebody and you come back here with violations, the chances are that your sentence is going to be more severe. The Court takes that into account of course because again it's an in-your-face deal. It's not a good idea to repay leniency or mercy with an in-your-face attitude.

Id. at 59. On this record, Miller cannot carry his burden to show that the District Court would have imposed a more lenient sentence absent any assumed plain error in the court's sentencing procedure.

Miller also argues that the District Court abused its discretion by imposing a sentence that was substantively unreasonable, essentially contending that the court failed to properly weigh the relevant 18 U.S.C. § 3553(a) factors. We review the substantive reasonableness of a revocation sentence "under a deferential abuse-of-discretion standard." Gall, 128 S. Ct. at 591. A court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight; . . . gives significant weight to an improper or irrelevant factor; or . . . considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Mousseau, 517 F.3d 1044, 1048 (8th Cir. 2008) (citations and quotation marks omitted). Although the court is required to consider the relevant factors, it is not required to make specific findings with respect to each factor considered. United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008). "[A]ll that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." Id.

We are satisfied that the District Court considered and gave appropriate weight to the relevant § 3553(a) factors in determining Miller's revocation sentence. The transcript of the revocation hearing confirms that the court was aware of Miller's ongoing violations of Special Conditions 8 and 9 and his continued unwillingness to comply with those conditions despite the efforts of the court and the IRS to obtain his compliance. The District Court considered both the Guidelines sentencing range and

-10-

the statutory maximum sentence before determining that the sentence imposed was necessary to deter Miller's continued criminal conduct. In addition to presiding over Miller's revocation sentencing, the District Court also presided over Miller's initial sentencing. At the revocation hearing, therefore, the court was fully apprised of Miller's history and characteristics. See United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005) (noting that judge who presided over both original and revocation sentencing proceedings was aware of defendant's history and characteristics). After careful review of the record, we are confident that the District Court adequately considered the relevant § 3553(a) factors, committed no abuse of discretion in weighing those factors, and imposed a reasonable sentence.

Finally, Miller argues that the District Court erred by "fail[ing] to comply with the statutory requirement to set a specific amount of restitution." Br. of Appellant at 60. We are not persuaded. The District Court did not abuse its discretion by requiring as a condition of Miller's release that he comply with the tax laws and pay the IRS $2,000 per month toward his outstanding tax obligations. See United States v. Ramsey, 992 F.2d 831, 833 (8th Cir. 1993) (concluding that district court did not abuse its discretion by requiring defendant to comply with federal income tax laws); 18 U.S.C. § 3583(d) (requiring sentencing courts to order as a condition of supervised release that a defendant refrain from committing a federal, state, or local crime); cf. United States v. Mitchell, 429 F.3d 952, 961–62 (10th Cir. 2005) (holding that an order requiring the defendant to keep current on unrelated restitution obligations is not "restitution" but rather a requirement to obey the law). Miller's contention that Special Condition 10 does not comport with the Mandatory Victim Restitution Act is unavailing. The condition does not impose a restitution requirement; it imposes a requirement that Miller comply with the tax laws—including the payment of his outstanding tax obligations.[5] See United States v. Braxtonbrown-Smith, 278 F.3d

_____

[5]During the revocation hearing, both the parties and the District Court used the term "restitution" to refer generally to Miller's obligation to pay his outstanding tax obligation to the IRS. Importantly, the District Court does not characterize this

1348, 1356 (D.C. Cir.) (finding meritless the defendant's argument that an order to pay delinquent taxes was an improper restitution order because the tax obligation was established by the Internal Revenue Code), cert. denied, 536 U.S. 932 (2002); United States v. Iverson, No. 95-4185, 1996 WL 656578, at *2 (10th Cir. Nov. 12, 1996) (holding that special condition ordering defendant to "pay all back taxes owed" was not an order of restitution but an order to obey the tax laws); United States v. Huguenin, No. 94-1119, 1994 WL 390112, at *2 (1st Cir. July 22, 1994) (noting that condition requiring defendant to "file delinquent and future tax returns, as well as pay any tax due" simply required compliance with the law); United States v. Hatchett, 918 F.2d 631, 644 (6th Cir. 1990) (holding that conditioning probation on payment of all back taxes was nothing more than an order to "comply with the law"), cert. denied, 501 U.S. 1223 (1991); United States v. Schiff, 876 F.2d 272, 275 (2d Cir. 1989) (holding that condition directing payment of all "legally required" taxes was "neither overbroad nor vague" and "mandate[d] no more than the law require[d]").

We affirm the District Court's revocation judgment and sentence.

———————————————————

obligation as "restitution" in the revocation judgment.