# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3695

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Ryan F. Staley, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 10, 2009
Filed: August 27, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Upon revoking Ryan Staley's supervised release, the district court[1] sentenced Staley to 4 years in prison and 1 year of supervised release. He appeals.

In reviewing the sentence for abuse of discretion, we must first ensure there was no significant procedural error--such as failing to consider the relevant 18 U.S.C. § 3553(a) factors--and then assess the substantive reasonableness of the sentence. See Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Miller, 557 F.3d

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

910, 915-16 (8th Cir. 2009) (court reviews district court's revocation sentencing decision using same standards applied to initial sentencing decisions). As to whether the district court committed significant procedural error, in the absence of an objection at sentencing, we review for plain error, see Miller, 557 F.3d at 916, and we find none here. The record shows that the district court considered various § 3553(a) factors, including Staley's continued drug and alcohol use, his history of violence against family members, his need for substance-abuse and mental-health treatment, and the need to deter others from engaging in similar conduct. See 18 U.S.C. § 3583(e) (specifying § 3553(a) factors that courts must consider in revocation decision, including § 3553(a)(1), (a)(2)(B)-(D)); United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (district court need not list every § 3553(a) consideration when sentencing defendant upon revocation of supervised release).

We further conclude that Staley's sentence is not substantively unreasonable. First, it was below the statutory maximum for his underlying offense. See 18 U.S.C. § 3583(e)(3) (upon revocation, maximum time defendant may be required to serve in prison is 5 years if offense that resulted in term of supervised release is Class A felony), § 3583(h) (revocation sentence may include imprisonment and additional supervised release; however, additional supervised-release term may not exceed supervised-release term authorized by statute for offense resulting in original supervised release, less any revocation prison term). Second, there is no indication that the district court failed to consider a relevant factor, gave significant weight to an improper or irrelevant factor, or made a clear error of judgment in weighing the factors. See Miller, 557 F.3d at 917 (listing circumstances where sentencing court abuses its discretion, resulting in unreasonable sentence).

Accordingly, we affirm. We grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing and filing a petition for certiorari.

_____