# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2155

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Efrain NMN Pineda, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 15, 2010
Filed: January 11, 2011

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Efrain Pineda appeals the sentence the district court[1] imposed after revoking his supervised release. Upon review, we find that Pineda's revocation sentence of twelve months plus five years of supervised release is not unreasonable or an abuse of discretion. See United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009) (reviewing the reasonableness of a revocation sentence under the abuse-of-discretion standard). Pineda argues that the district court abused its discretion by imposing an excessive term of supervised release. A review of the revocation sentencing transcript belies

_____

[1]The Honorable Joan N. Ericksen, United States District Court for the District of Minnesota.

this argument. The district court thoroughly recalled Pineda's lengthy history of supervision infractions including removing sweat patches, using the "Whizzinator" device to avoid a positive urinalysis, and lying to the district court at a previous revocation hearing. The court actually considered not placing Pineda on post-incarceration supervision due to the difficulties Pineda had in complying with supervision the first time around, but in the final analysis, the seriousness of Pineda's addiction and his penchant for lying led the court to impose this requirement. Throughout the hearing, the district court explained its reasoning with regard to supervision and did not abuse its discretion in imposing a five-year term. For similar reasons, we reject Pineda's argument that the one-year sentence of incarceration is unreasonable. The revocation sentence resulted from the district court's proper consideration of 18 U.S.C. § 3553(a) factors, despite Pineda's arguments to the contrary. Accordingly, we affirm the district court.

_____