# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1640

_____

United States of America,

    Appellee,

v.

Linden James Schuster,

    Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: September 23, 2011
Filed: October 20, 2011

_____

Before MELLOY, SMITH and BENTON, Circuit Judges.

_____

PER CURIAM.

Linden James Schuster pled guilty to escape in violation of 18 U.S.C. §751(a). The district court[1] sentenced him to 40 months' imprisonment and three years' supervised release. He appeals the sentence as procedurally erroneous. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

While in a halfway house, Schuster signed out to attend a job fair and seek a job. He failed to return as scheduled. He went to a friend's house, eventually stealing his car. A week later, Schuster was arrested and charged with escape (the friend declined to press charges for auto theft).

At sentencing, Schuster initially objected to some facts in the presentence investigation (PSR) but withdrew his objection. He agreed that the guideline range was 27 to 33 months. The government sought an upward "departure from the guideline range" to 60 months based on his multiple escapes or walk-aways, parole violations, the circumstances of the offense, and his extensive criminal history (he has been incarcerated for 23 of the last 27 years). The district court stated it was going to "depart" from the guidelines, but imposed a variance (as both parties acknowledge on appeal). Schuster has not, at sentencing or on appeal, objected to the sentence as a "departure."

At sentencing, Schuster first argued he had not "escaped" but rather "absconded" from custody and supervision several times, although he later admitted this may be "semantics" (state versus federal terminology). He stated that a within-guidelines sentence was more than sufficient to accomplish the sentencing goals. The district court considered the PSR and sentenced him to 40 months.

Schuster asserts procedural error alleging that the court failed to consider the § 3553(a) factors or to explain why the sentence was "sufficient, but not greater than necessary" to achieve the goals of sentencing. *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Review is for plain error because he did not raise this procedural error at sentencing. *United States v. Mees*, 640 F.3d 849, 854 (8th Cir. 2011). He must show an error, that was plain, and that affected his substantial rights. *Id.* The error will only be corrected if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009).

Throughout the sentencing hearings – which included a two-month continuance for defense counsel to clarify the PSR about Schuster's past threats to law enforcement and other prisoners – the district court thoroughly discussed the PSR with Schuster. The court also discussed Schuster's numerous walk-aways and abscondings. In his brief, Schuster argues the court failed to acknowledge the government erroneously stated he had "multiple escapes." He tries to transform this argument into a failure to consider a significant factor under § 3553(a). This argument ignores the lengthy discussions about Schuster's walk-aways and abscondings. The district court considered the underlying facts, and Schuster made it clear that he had no convictions for escape (but had a history of absconding, walk-aways, and parole violations).

Finally, when imposing sentence, the court stated that it had considered the § 3553(a) factors, particularly Schuster's "extensive criminal history record" and "lack of success on supervised release." Sentencing courts are not required to mechanically recite the § 3553(a) factors. *United States v. Brown*, 627 F.3d 1068, 1074 (8th Cir. 2010). At sentencing, the court discussed Schuster's pending state cases, previous parole violations, and extensive but varied criminal history. These discussions sufficiently explain the variance from the guidelines. *See United States v. Mangum*, 625 F.3d 466, 469 (8th Cir. 2010).

Schuster contends that due to procedural errors, the sentence cannot be reviewed for reasonableness. Here, there is no procedural error, and the sentence is affirmed under deferential abuse-of-discretion review.

\* \* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____