# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-3164

_____

United States of America,

*Plaintiff - Appellee,*

v.

Javier Hurtado-Amezquita,

*Defendant - Appellant.*

_____

No. 13-3165

_____

United States of America,

*Plaintiff - Appellee,*

v.

Javier Hurtado-Amezquita, also known as Francisco Javier Hurtado-Amezquita,

*Defendant - Appellant.*

_____

No. 13-3166

_____

United States of America,

*Plaintiff - Appellee,*

v.

Javier Hurtado-Amezquita, also known as Francisco Javier Hurtado-Amezquita,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 7, 2014
Filed: April 24, 2014
[Unpublished]

_____

Before MURPHY, COLLOTON, and BENTON Circuit Judges.

_____

PER CURIAM.

In these direct criminal appeals, Javier Hurtado-Amezquita challenges the sentences the district court[1] imposed after he pled guilty to an immigration offense and admitted that he had violated the conditions of two terms of supervised release as a result of the immigration offense. Hurtado-Amezquita's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing (1) that Hurtado-Amezquita's double jeopardy rights were violated because a prior drug-felony conviction was used to enhance his advisory Guidelines imprisonment range for the immigration offense, and (2) that his sentences were substantively unreasonable.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, now retired.

First, assuming that the double jeopardy argument was adequately preserved in the district court, we conclude that it lacks merit. See United States v. Bates, 77 F.3d 1101, 1106 (8th Cir. 1996) (describing as "well-settled" principle that use of defendant's prior felony convictions to establish his status as convicted felon and to enhance his sentence did not constitute second conviction or punishment for double jeopardy purposes). Second, upon careful review, we conclude that the district court did not impose any substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (review of sentence includes considering substantive reasonableness of sentence under totality of circumstances; where sentence falls within Guidelines range, appeals court may, but is not required to, apply presumption of reasonableness); see also United States v. Miller, 557 F.3d 910, 915-16 (8th Cir. 2009) (appeals court reviews district court's revocation sentencing decisions using same standards applied to initial sentencing decisions).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgments of the district court, and we grant counsel's motion to withdraw, subject to counsel informing Hurtado-Amezquita about procedures for seeking rehearing or filing a petition for certiorari.

---