# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2889

_____

United States of America

*Plaintiff - Appellee*

v.

Aaron Nazarian

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: December 22, 2016
Filed: December 30, 2016
[Unpublished]

_____

Before SMITH, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

   While Aaron Nazarian was serving a third term of federal supervised release, the District Court[1] revoked supervised release and sentenced Nazarian to serve 12

_____

   [1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

months and one day in prison with no further supervised release. Nazarian appeals, and we affirm.

For reversal, Nazarian challenges the District Court's finding that he violated his release conditions and the decision to revoke supervised release. This argument fails, given Nazarian's admissions at the revocation hearing that he violated multiple supervised-release conditions. See 18 U.S.C. § 3583(e)(3) (providing that a court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release"); United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009) (standard of review). Nazarian also argues that the District Court committed procedural error in sentencing him and imposed a substantively unreasonable revocation sentence. This argument fails as well. Upon careful review of the record, we detect no procedural error. See Miller, 557 F.3d at 916 (listing sources of procedural error). Further, the revocation sentence is not substantively unreasonable. See United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008) (standard of review). Notably, the sentence exceeded the top of the advisory Sentencing Guidelines range by one day in order to provide Nazarian with the benefit of prior-custody credit. Moreover, the court expressly considered and weighed relevant 18 U.S.C. § 3553(a) factors when imposing the sentence. See Miller, 557 F.3d at 917.

We affirm the judgment and we grant counsel's motion to withdraw.

_____