# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1790
_____

United States of America

*Plaintiff - Appellee*

v.

Kelly R. Wilson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: January 8, 2018
Filed: February 2, 2018
[Unpublished]
_____

Before LOKEN, BEAM, and KELLY, Circuit Judges.
_____

PER CURIAM.

Kelly Wilson appeals the sentence imposed following revocation of his supervised release. He argues that the district court[1] abused its discretion when it imposed a new ten-year term of supervised release.

Wilson was convicted of transporting child pornography in 2006. He was released from custody in 2010 and began a ten-year term of supervised release. On several occasions between 2010 and 2016, the United States Probation Office submitted reports to the court alleging that Wilson had violated the terms of his supervised release in various ways, each resulting in verbal reprimands or modifications to the conditions of his supervision without revocation.

That changed in early 2017 when the probation office petitioned the court for revocation based on three violations: (1) dating a convicted felon, (2) drinking alcohol, and (3) missing a counseling session. In its summary of the third allegation, the probation office also described a report from Wilson's counselor. The counselor told the probation office that Wilson was contemplating suicide and said he would "take some people out with him." The counselor later determined that the "some people" were several probation officers at the Cape Girardeau probation office, all of them women.

At his revocation hearing, Wilson admitted he had violated the terms of his supervised release but denied making the threats described by his counselor. Wilson's counselor testified; she confirmed the allegations in the report. Based on Wilson's admission to all three violations, the district court revoked his supervised release. The district court sentenced Wilson to nine months in prison followed by a new ten-year term of supervised release.[2]

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

[2]Wilson's maximum supervised release term was life. 18 U.S.C. § 3583(k).

Wilson appeals only the term of supervised release. He alleges no procedural error, so our only task is to evaluate the substantive reasonableness of the supervised release for abuse of discretion. See United States v. Miller, 557 F.3d 919, 922 (8th Cir. 2009). A district court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotations omitted).

Wilson argues that the district court gave significant weight to an improper or irrelevant factor when it strayed beyond his admitted violations and considered the testimony that he made threats against the probation office staff. To the extent he argues the district court should not have considered this evidence at all, Wilson's argument conflates two distinct steps in the district court's analysis. In the first step, the district court determines whether to revoke supervised release. In that step, the analysis is of course limited to the facts that make out a violation. See United States v. Leigh, 276 F.3d 1011, 1012 (8th Cir. 2002) ("Revocation . . . requires only enough evidence, within sound judicial discretion, to satisfy the district judge that the conduct of the [supervisee] has not met the conditions of [supervised release]." (quotation omitted)). If revocation is warranted, the district court moves to the second step. In that step, the district court must analyze the 18 U.S.C. § 3553(a) factors to set the appropriate sentence. See United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008).

In this case, Wilson admitted that he violated the terms of his supervised release. The district court revoked his supervised release based on those admissions. The district court then examined other conduct—which the probation office had alleged in its report of violation—to determine Wilson's sentence. Wilson characterizes his statements as "mere venting" that should not have been taken seriously. The district court heard that argument, but still found Wilson's counselor

to be a "highly credible" witness at the hearing, and determined that her testimony about the threats was "an aggravating circumstance." <u>See</u> 18 U.S.C. § 3553(a)(2)(C). In the court's own words, this was conduct it would "simply not tolerate." Wilson's statements were not improper or irrelevant factors, and the district court did not abuse its discretion by considering them. And to the extent Wilson argues the district court gave this evidence too much weight, we see no clear error of judgment.

Accordingly, the judgment of the district court is affirmed.

_____