United States Court of Appeals

For the Eighth Circuit

_____

No. 17-3795

_____

United States of America

*Plaintiff - Appellee*

v.

Isaias Perez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: July 2, 2018
Filed: July 9, 2018
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

The district court[1] imposed an above-Guidelines-range sentence upon Isaias
Perez, who violated the conditions of his supervised release. Counsel seeks

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the
Northern District of Iowa.

permission to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the reasonableness of Perez's sentence. We affirm.

After careful review, we conclude that the district court did not abuse its discretion in imposing a sentence above the Guidelines range. See United States v. Miller, 557 F.3d 910, 915-18 (8th Cir. 2009) (applying a deferential abuse-of-discretion standard to the evaluation of a revocation sentence). The record reflects that the 36-month prison sentence and 8-year term of supervised release were within the relevant statutory maximums, see 18 U.S.C. § 3583(e)(3) (providing for a maximum prison term of 5 years if the underlying offense is a Class A felony); cf. United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir. 2000) (explaining that the maximum period of supervised release for a violation of 21 U.S.C. § 841(b)(1)(C) is life), and the court carefully considered and discussed the relevant section 3553(a) factors, see United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004).

Accordingly, we grant counsel leave to withdraw, and affirm the district court's judgment.

_____