# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2176

_____

United States of America

*Plaintiff - Appellee*

v.

Ronald Mockelman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 21, 2018
Filed: December 11, 2018
[Unpublished]

_____

Before BENTON, BOWMAN, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Ronald Joseph Mockelman directly appeals the above-Guidelines sentence the district court[1] imposed upon revoking his supervised release. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Counsel has moved for leave to withdraw, and has filed a brief asserting that there are no nonfrivolous issues for appeal. Mockelman has filed a motion for new counsel and a pro se brief, which the court construes as challenging the revocation procedure as inadequate.

This court concludes that the revocation proceedings were procedurally adequate, there was no error in finding Mockelman had violated the terms of his supervision, and the decision to revoke Mockelman's supervision was not an abuse of discretion. *See* Fed. R. Crim. P. 32.1(b)(2) (prior to revocation, defendant is entitled to written notice of the alleged violation, disclosure of the evidence against him, an opportunity to appear and present evidence, notice of the right to retain counsel, and an opportunity to make a statement); *see also* 18 U.S.C. § 3583(e)(3) (district court may revoke release if a preponderance of the evidence shows that the defendant violated a term of release); *United States v. Miller*, 557 F.3d 910, 914 (8th Cir. 2009) (appellate court reviews a district court's decision to revoke supervised release for an abuse of discretion, and the court's underlying factual findings as to whether a violation occurred for clear error). Prior to the revocation hearings, notice was filed by Mockelman's probation officer alleging Mockelman had violated the terms of his supervision by threatening, during a phone call with a government employee, that maybe he should "just blow up the county." Over the course of two hearings, Mockelman appeared with counsel and admitted to the violation. The district court found the admission was given freely and voluntarily, was supported by an adequate factual basis, and Mockelman engaged in allocution. To the extent Mockelman is attempting to raise an ineffective-assistance claim, the court declines to address the claim on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in 28 U.S.C. § 2255 proceedings, where record can be properly developed).

The court affirms the judgment of the district court. Counsel's motion to withdraw is granted. Mockelman's motion for new counsel is denied.

———————————————