United States Court of Appeals

For the Eighth Circuit

_____

No. 18-1870

_____

United States of America

*Plaintiff - Appellee*

v.

Don Grady, also known as A.D.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 26, 2019
Filed: July 1, 2019
[Unpublished]

_____

Before LOKEN, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Don Grady directly appeals after the district court[1] revoked his supervised release, and sentenced him within the calculated Chapter 7 advisory Guidelines range,

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

which was based in part on the court's categorization of two of his supervised-release violations as Grade A. On appeal, Grady argues that this categorization was plainly erroneous, and that both violations should have been categorized as Grade B.

At Grady's revocation hearing, he did not object to the district court's categorization of his supervised-release violations. Our review is thus for plain error. See United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009) (discussing circumstances in which plain-error review applies, and describing plain-error standard). We note that prior to the revocation hearing, Grady's probation officer submitted a petition containing the following allegations: based on information received from another individual, Grady was involved with "run[ning] ice"; law enforcement officers had discovered several individually wrapped pieces of methamphetamine (meth) during a search of Grady's residence; and when he was confronted with the wrapped pieces of meth, Grady told the officers that he was holding the meth for a friend. The petition described two of Grady's supervised-release violations as Grade A. At the revocation hearing, Grady, in answering questions from the court, admitted "the two Grade A violations"; he also asserted, however, that "running ice" was not something he "was doing." Upon careful review, we conclude that the district court did not plainly err in categorizing two of Grady's supervised-release violations as Grade A--notwithstanding Grady's assertions to the contrary--in light of his admission at the revocation hearing, which was supported by the allegations in the probation officer's petition. Accordingly, we affirm.

_____