# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-1385
_____

United States of America

*Plaintiff - Appellee*

v.

Ulises Alvarado

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: June 23, 2021
Filed: June 29, 2021
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Ulises Alvarado was convicted in 2020 of failing to register as a sex offender and was subject to supervised release after completing his sentence. His first term of supervised release was revoked because he failed to comply with a residential reentry center's rules, and he was sentenced to four months in prison with supervised release to follow. This court affirmed the revocation. United States v. Alvarado, No.

20-2750, 2021 WL 2102595, at *1-2 (8th Cir. May 25, 2021) (per curiam). Alvarado now appeals the nine-month prison sentence the district court[1] imposed after his supervised release was revoked for the second time, based on his failure to follow his probation officer's directives and the residential reentry center's rules. His counsel has moved to withdraw and has filed a brief arguing that the sentence is unreasonable, particularly due to the technical nature of the violations and Alvarado's physical injuries.

Having reviewed the record, we conclude the district court did not abuse its wide discretion in revoking Alvarado's supervised release and sentencing him. See United States v. Miller, 557 F.3d 910, 914, 915-18 (8th Cir. 2009) (standard of review). The district court did not make a "reflexive reaction to an accumulation of technical violations," given its reasoned finding that Alvarado exhibited a continued unwillingness to comply with rules and directives. See United States v. Melton, 666 F.3d 513, 516 (8th Cir. 2012) (reiterating that actions indicating "a persistent and 'pervasive unwillingness' to comply with court orders and the orders of a reentry center are not technical violations and may warrant the revocation of a supervised release"). The record also reflects that the district court sufficiently considered the relevant statutory sentencing factors, including Alvarado's alleged physical injuries, and did not give significant weight to an improper factor or commit a clear error of judgment when imposing a sentence below the statutory maximum. See 18 U.S.C. § 3583(e), (e)(3); Miller, 557 F.3d at 915-18; United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009) (explaining that the district court is presumed to have considered factors on which it heard argument).

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation in the Northern District of Iowa.

-2-