# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-2656

———————————————

United States of America

*Plaintiff - Appellee*

v.

Carl Mervin Renecker

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of North Dakota - Eastern

——————————

Submitted: October 21, 2021
Filed: November 4, 2021
[Unpublished]

——————————

Before BENTON, KELLY, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Carl Mervin Renecker was convicted in 2011 of a drug offense and was subject to supervised release after completing his prison sentence in 2018. His first term of supervised release was revoked because he admittedly tested positive for methamphetamine and was terminated from a Residential Reentry Center (RRC) program. He was sentenced to three months in prison to be followed by three years

of supervised release. His second term of supervised release was revoked after he twice tested positive for methamphetamine soon after being released from prison and was again terminated from the RRC. He was sentenced to four months in prison, with credit for time served, and three years of supervised release to follow. Renecker now appeals the sentence the district court[1] imposed after his supervised release was revoked for the third time because he admittedly failed to report for substance abuse testing on multiple dates, he repeatedly used methamphetamine and tested positive for using it, including when he again entered the RRC, and he absconded from the RRC. He was sentenced to eleven months in prison, with credit for time served, followed by two years of supervised release. His counsel has moved to withdraw and has filed a brief, challenging the substantive reasonableness of the sentence.

After reviewing the record under a deferential abuse-of-discretion standard, we conclude the district court did not impose a substantively unreasonable sentence. *See United States v. Miller*, 557 F.3d 910, 917 (8th Cir. 2009) (standard of review). Renecker disagrees with how the district court weighed certain factors, but that alone is insufficient to show an abuse of discretion. *See United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011). The district court sufficiently considered the relevant statutory sentencing factors and did not overlook a relevant factor, give significant weight to an improper or irrelevant factor, or commit a clear error of judgment in weighing relevant factors. *See* 18 U.S.C. § 3583(e); *Miller*, 557 F.3d at 917. The sentence, moreover, is below the statutory limits, *see* § 3583(e)(3), (h); 21 U.S.C. § 841(b)(1)(A); *United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000), and is presumptively reasonable because it is within the applicable policy statement range in the United States Sentencing Guidelines Manual, *see* U.S.S.G. § 7B1.4(a); *United States v. Petreikis*, 551 F.3d 822, 824–25 (8th Cir. 2009).

_____

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____