# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2047
_____

United States of America

*Plaintiff - Appellee*

v.

Roscoe Chambers, also known as Tommy

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: August 11, 2022
Filed: August 16, 2022
[Unpublished]
_____

Before SHEPHERD, MELLOY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Roscoe Chambers appeals after the district court[1] revoked his supervised
release and sentenced him to 2 years in prison and 8 years of supervised release. His

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court
for the Southern District of Iowa.

counsel has moved for leave to withdraw, and has filed a brief challenging the sentence. Chambers has filed a pro se brief arguing that he did not violate the terms of his supervised release and challenging the sentence.

As to the argument in counsel's brief, after careful review of the record, we conclude that the district court did not abuse its discretion in sentencing Chambers, as it properly considered the 18 U.S.C. § 3553(a) factors; there was no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors, see United States v. Miller, 557 F.3d 910, 915-18 (8th Cir. 2009) (substantive reasonableness of revocation sentence is reviewed under deferential abuse-of-discretion standard); see also United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (district court need not mechanically list every § 3553(a) factor when sentencing defendant upon revocation; all that is required is consideration of relevant matters and some reason for court's decision); and the sentence was below the statutory limit, see 18 U.S.C. § 3583(e)(3) (maximum revocation prison term is 5 years for Class A felony); 21 U.S.C. § 841(b)(1)(B) (maximum supervised release term is life).

As to Chambers's remaining pro se arguments, we conclude that the district court did not err in finding that he had violated the terms of his supervised release. See 18 U.S.C. § 3583(e)(3) (court may revoke supervised release if it finds by preponderance of evidence that defendant violated condition of supervised release); United States v. Miller, 557 F.3d at 913-14 (this court reviews decision to revoke supervised release for abuse of discretion, and underlying factual findings as to whether a violation occurred for clear error); United States v. Farmer, 567 F.3d 343, 347 (8th Cir. 2009) (discussing limited right to confrontation at revocation hearing). We also conclude that Chambers may not challenge his original classification as a career offender in this proceeding. See Miller, 557 F.3d at 913 (defendant may not challenge validity of his underlying sentence through collateral attack in supervised release revocation proceeding).

Accordingly, we grant counsel's motion to withdraw, and affirm.

_____