# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1423
_____

United States of America

*Plaintiff - Appellee*

v.

Joseph R. Flying Horse

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: June 6, 2023
Filed: June 9, 2023
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Joseph Flying Horse appeals after the district court[1] revoked his supervised release and sentenced him to 4 months in prison and 30 months of supervised release.

_____

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

His counsel has moved for leave to withdraw, and has filed a brief challenging the sentence. Flying Horse has filed several pro se motions challenging his underlying conviction and seeking the return of property.

As to the argument in counsel's brief, after careful review of the record, we conclude that the district court did not abuse its discretion in sentencing Flying Horse, as it properly considered the 18 U.S.C. § 3553(a) factors; there was no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors; and the sentence was below the advisory Guidelines range and the statutory limit. See 18 U.S.C. § 3583 (maximum revocation prison term is 2 years for Class D felony; maximum supervised release term is 3 years, less any previous and current revocation prison terms); United States v. Miller, 557 F.3d 910, 915-18 (8th Cir. 2009) (substantive reasonableness of revocation sentence is reviewed under deferential abuse-of-discretion standard); see also United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (district court need not mechanically list every § 3553(a) factor when sentencing defendant upon revocation; all that is required is consideration of relevant matters and some reason for court's decision).

As to Flying Horse's pro se arguments, we conclude that he may not challenge his original conviction or seek the return of property in this proceeding. See Miller, 557 F.3d at 913 (defendant may not challenge validity of his underlying sentence through collateral attack in supervised release revocation proceeding); see also Fed. R. Crim. P. 41(g) (providing procedure for seeking return of property).

Accordingly, we grant counsel's motion to withdraw, deny Flying Horse's pending motions, and affirm.

_____