# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3686
_____

United States of America

*Plaintiff - Appellee*

v.

Darnell Michael Norton, also known as Dino

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: April 30, 2024
Filed: May 3, 2024
[Unpublished]
_____

Before LOKEN, SMITH, and KELLY, Circuit Judges.
_____

PER CURIAM.

Darnell Norton appeals after the district court[1] revoked his supervised release
and sentenced him to 14 months in prison and 3 years of supervised release. His

_____

[1]The Honorable Leonard T. Strand, United States District Judge for the
Northern District of Iowa.

counsel has moved for leave to withdraw, and has filed a brief challenging the revocation sentence. Norton has filed a pro se brief challenging the court's finding that he violated the terms of his supervision, and its imposition of the sentence.

As to the argument in counsel's brief, after careful review of the record, we conclude that the district court did not abuse its discretion in sentencing Norton, as it properly considered the 18 U.S.C. § 3553(a) factors; there was no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors, see United States v. Miller, 557 F.3d 910, 915-18 (8th Cir. 2009) (substantive reasonableness of revocation sentence is reviewed under deferential abuse-of-discretion standard); see also United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (district court need not mechanically list every § 3553(a) factor when sentencing defendant upon revocation; all that is required is consideration of relevant matters and some reason for court's decision); and the sentence was within the advisory Guidelines range, and below the statutory limit, see 18 U.S.C. § 3583(e)(3) (maximum revocation prison term is 5 years for Class A felony); 21 U.S.C. § 841(b)(1)(B) (maximum supervised release term is life).

As to Norton's remaining pro se arguments, we conclude the district court did not err in finding that he had violated the terms of his supervised release. See 18 U.S.C. § 3583(e)(3) (court may revoke supervised release if it finds by preponderance of evidence that defendant violated condition of supervised release); United States v. Miller, 557 F.3d 910, 913-14 (8th Cir. 2009) (this court reviews decision to revoke supervised release for abuse of discretion, and underlying factual findings as to whether a violation occurred for clear error). We also conclude that the district court did not abuse its discretion by requiring Norton to spend a portion of his supervised release residing in a reentry center. See 18 U.S.C. §§ 3583(d), 3563(b)(11) (court may require defendant to reside at a community corrections facility for all or part of the term of supervised release); U.S.S.G. § 5D1.3(e)(1) (residence in a community treatment center, halfway house, or similar facility may be imposed as a condition of

supervised release); <u>United States v. Melton</u>, 666 F.3d 513, 517-18 (8th Cir. 2012) ("we have regularly upheld the requirement of a term in a residential reentry center as a reasonable condition of supervised release").

        Accordingly, we grant counsel's motion to withdraw, and affirm.

_____