# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1465

_____

United States of America

*Plaintiff - Appellee*

v.

Calvin Starr, also known as Calvin Herman Starr

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 10, 2024
Filed: June 18, 2024
[Unpublished]

_____

Before SMITH, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Calvin Starr appeals after the district court[1] revoked his supervised release and sentenced him to 11 months in prison. His counsel has moved to withdraw, and has

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

filed a brief challenging the district court's finding that he violated the terms of his supervision and the substantive reasonableness of the revocation sentence.

After careful review of the record, we conclude that the district court did not clearly err in finding that Starr violated his supervised release. See United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009) (reviewing decision to revoke supervised release for abuse of discretion and underlying finding as to whether violation occurred for clear error). We also conclude the district court did not abuse its discretion in sentencing Starr. See id. at 915-17 (reviewing revocation sentence using same standards applied to initial sentencing; substantive reasonableness reviewed under abuse-of-discretion standard). There is no indication the district court failed to consider a relevant 18 U.S.C. § 3553(a) factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. See United States v. Larison, 432 F.3d 921, 922-24 (8th Cir. 2006) (reciting factors to discern whether revocation sentence is unreasonable). Moreover, the revocation sentence is within the Guidelines range and below the statutory maximum. See United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008) (on appeal, within-Guidelines-range revocation sentence may be presumed reasonable); see also 18 U.S.C. § 3583(e)(3) (maximum revocation prison term is 2 years for Class C felony).

Accordingly, we grant counsel's motion to withdraw and affirm.

_____