# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-2114
_____

United States of America

*Plaintiff - Appellee*

v.

Corey Andrew Barr

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph
_____

Submitted: October 8, 2024
Filed: October 11, 2024
[Unpublished]
_____

Before LOKEN, GRUENDER, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Corey Barr appeals after the district court[1] revoked his supervised release and sentenced him to 8 months in prison. His counsel has moved for leave to withdraw,

_____

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

and has filed a brief arguing that because Barr's criminal history category would have been lowered by Amendment 821 to the Guidelines, his term of supervised release should have expired prior to the instant violations and his advisory Guidelines range should have been calculated using a lower criminal history category; and that his sentence was substantively unreasonable.

As to Barr's argument that his original criminal history category should have been reduced based on Amendment 821, Barr did not raise this issue below, and we conclude that the district court did not plainly err in revoking Barr's supervised release or in calculating his advisory Guidelines range. See United States v. Strubberg, 929 F.3d 969, 978 (8th Cir. 2019) (unobjected-to error is reviewed for plain error); United States v. Miller, 557 F.3d 910, 913 (8th Cir. 2009) (defendant may not challenge validity of his underlying sentence through collateral attack in supervised release revocation proceeding). We note that Barr's contention that a lower criminal history category at his original sentencing would have led to a shorter sentence, allowing him to complete supervised release before the instant violations, is speculative; and that, in any event, any excess prison time would not be credited to his supervised release term. See United States v. Johnson, 529 U.S. 53, 59-60 (2000) (length of a supervised release term is not reduced by excess time served in prison). Further, the court did not plainly err in using Barr's original criminal history category in calculating his advisory Guidelines revocation range. See Miller, 557 F.3d at 913.

We also conclude that the district court did not abuse its discretion in sentencing Barr, as it properly considered the 18 U.S.C. § 3553(a) factors; there was no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors; and the sentence was within the advisory Guidelines range and below the statutory limit. See 18 U.S.C. § 3583 (maximum revocation prison term is 2 years for Class C felony); Miller, 557 F.3d at 915-18 (substantive reasonableness of revocation sentence is reviewed under deferential

abuse-of-discretion standard); see also United States v. White Face, 383 F.3d 733, 740 (8th Cir. 2004) (district court need not mechanically list every § 3553(a) factor when sentencing defendant upon revocation; all that is required is consideration of relevant matters and some reason for court's decision).

Accordingly, we grant counsel's motion to withdraw, and affirm.

_____