# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1231
_____

United States of America

*Plaintiff - Appellee*

v.

Herbert Miller, Jr.

*Defendant - Appellant*

_____

No. 25-1233
_____

United States of America

*Plaintiff - Appellee*

v.

Herbert Miller, Jr.

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Before ERICKSON, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

In these consolidated cases, Herbert Miller, Jr., appeals the sentences the district court[1] imposed after he pleaded guilty to a new drug offense pursuant to a written plea agreement containing an appeal waiver, and upon the revocation of the supervised release term he was serving for a prior firearm offense. His counsel has moved for leave to withdraw and has filed a brief challenging the sentences as procedurally and substantively unreasonable.

Upon careful review, we conclude that the appeal waiver is valid, applicable, and enforceable against the sentence for the new offense. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing de novo the validity and applicability of an appeal waiver). The record reflects that Miller entered into the plea agreement and appeal waiver knowingly and voluntarily, and enforcing the waiver will not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing the enforceability of appeal waivers). We also conclude that the district court did not abuse its discretion in imposing the revocation sentence, as there is no indication that it failed to consider a relevant 18 U.S.C. § 3553(a) factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors, and the revocation sentence was within the statutory maximum. See United States v. Miller, 557 F.3d

_____

[1]The Honorable Stephen R. Clark, Chief Judge, United States District Court for the Eastern District of Missouri.

910, 916 (8th Cir. 2009) (abuse of discretion review); 18 U.S.C. § 3583(e)(3) (maximum revocation prison term is 2 years if underlying offense is Class C felony); see also 18 U.S.C. § 3584(a) (district court may impose consecutive or concurrent sentences).

For the new drug charge, we have independently reviewed the record and found no non-frivolous issues outside the scope of the appeal waiver. See Penson v. Ohio, 488 U.S. 75 (1988). Accordingly, we affirm the sentence in No. 25-1231, dismiss the appeal in No. 25-1233, and grant counsel's motion to withdraw.

_____