# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1749

_____

United States of America

*Plaintiff - Appellee*

v.

Frank Patrick Lambert

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 26, 2025
Filed: October 1, 2025
[Unpublished]

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Frank Lambert appeals after the district court[1] revoked his supervised release and sentenced him to 24 months in prison followed by 10 years of supervised release.

_____

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

His counsel has requested leave to withdraw, and has filed a brief arguing that some of the violations were not proven by a preponderance of the evidence, and that the revocation sentence was substantively unreasonable. Lambert has also filed a pro se brief reiterating counsel's arguments and a motion requesting oral argument.

Lambert does not challenge the court's finding that he committed two violations of his supervised release. See United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009) ("A district court need only find a single violation to revoke a defendant's supervised release."). As to the violations he contests, we conclude the record supports the district court's finding that they were proven by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3) (authorizing the court to revoke a supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition"); Miller, 557 F.3d at 914 ("We review a district court's decision to revoke supervised release for an abuse of discretion and the court's underlying 'factual findings as to whether a violation occurred' for clear error."); United States v. Jones, 628 F.3d 1044, 1047 (8th Cir. 2011) (noting that district court's decisions regarding witness credibility are "virtually unreviewable on appeal").

We also conclude the court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in 18 U.S.C. § 3553(a) and did not err in weighing the relevant factors. See Miller, 557 F.3d at 917 ("We review the substantive reasonableness of a revocation sentence under a deferential abuse-of-discretion standard. A court abuses its discretion if it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but in weighing those factors commits a clear error of judgment." (citation modified)).

Accordingly, we grant counsel leave to withdraw, deny the motion for oral argument as moot, and affirm.

_____