**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-5240**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MIGUEL GARCIA NUNEZ, a/k/a Cuasito,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:05-cr-00211-RLV-DCK-2)

———————

Submitted:  June 18, 2010         Decided:  July 6, 2010

———————

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Claire J. Rauscher, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Ann L. Hester, Angela Parrot, Cecilia Oseguera, Charlotte, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A grand jury indicted Miguel Garcia Nunez with conspiracy to possess with intent to distribute methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(B), (b)(1)(C), (b)(1)(D), 846 (2006), and possession with intent to distribute at least fifty grams of methamphetamine (two counts), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). After a four-day jury trial, the jury found Nunez guilty of all charges. At sentencing, the district court imposed a variance sentence (below the advisory Guidelines range) of 270 months' imprisonment on each count, to run concurrently. On appeal, Nunez challenges the sufficiency of the evidence to sustain the jury convictions as to the counts that charged possession with intent to distribute methamphetamine and argues that his sentence is unreasonable because the district court plainly erred in sentencing him under an improperly calculated advisory Guidelines range. We affirm.

We review de novo the district court's denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. United States v. Reid, 523 F.3d 310, 317 (4th Cir.), cert. denied, 129 S. Ct. 663 (2008). A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). The jury's verdict must be sustained "if, viewing the

2

evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). In reviewing for substantial evidence, we consider both circumstantial and direct evidence and allow the Government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). This court does not weigh evidence or review witness credibility. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Rather, it is the role of the jury to judge the credibility of witnesses, resolve conflicts in testimony, and weigh the evidence. United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Beidler, 110 F.3d at 1067 (internal quotation marks omitted).

In his brief, Nunez claims the evidence at trial was insufficient to support the jury's verdict that he possessed methamphetamine with the intent to distribute on March 3, 2005 (count five) and on May 9, 2005 (count nine). To convict a

3

defendant of possession with the intent to distribute, the government must prove: (1) possession of a narcotic controlled substance; (2) knowledge of the possession; and (3) the intent to distribute. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). "A defendant is guilty of aiding and abetting if he has knowingly associated himself with and participated in the criminal venture." United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (internal quotation marks and citation omitted). We have reviewed transcripts of the jury trial in light of the parties' arguments and conclude that sufficient evidence supports the jury's verdict as to both counts of possession with intent to distribute methamphetamine.

Nunez also claims that his sentence is procedurally and substantively unreasonable because of an alleged arithmetical error made by the district court in calculating his sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, the court first examines the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on

clearly erroneous facts, or failing to adequately explain the chosen sentence. . . ." Gall, 552 U.S. at 51. The court then "'consider[s] the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 129 S. Ct. 476 (2008). If the sentence is within the Guidelines range, the court applies a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-59 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

Based on a total offense level of forty-one and a criminal history category of I, the probation officer calculated a Guidelines range of 324 to 405 months' imprisonment. Nunez argued for a downward variance based in part on an unwarranted sentencing disparity among co-defendants.

In fashioning Nunez's sentence, the district court "credit[ed] the disparity argument to the extent of three levels which would put defendant at a 39-1 level," and the court "sentence[d Nunez] accordingly, in that the highest sentence for the others at this point [was] 135 months." The district court added that "nevertheless, defendant's role and offense conduct was such that the court's sentence is justified in that he was a major source of supply and the key source in this particular grouping of defendants." The court then sentenced Nunez, after stating it had considered the sentencing factors under

§ 3553(a), to 270 months' imprisonment on each count, to run concurrently.

On appeal, Nunez correctly notes that a three-level reduction from offense level forty-one is offense level thirty-eight, not thirty-nine as indicated by the district court. Because Nunez did not object below, his claim is reviewed for plain error. "To establish plain error, [Nunez] must show that an error occurred, that the error was plain, and that the error affected [his] substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Nunez satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

Here, while the court arguably committed error in stating that the resulting offense level after a three-level variance was thirty-nine rather than thirty-eight, we find the error did not affect Nunez's substantial rights. In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed "was longer than that to which he would otherwise be subject." United States v. Washington, 404 F.3d 834, 849 (4th Cir. 2005) (internal

6

quotation marks and citation omitted); see also United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009) ("In the sentencing context, an error was prejudicial only if there is a reasonable probability that the defendant would have received a lighter sentence but for the error."). Even assuming that the district court erred in stating that the resulting offense level was thirty-nine and not in stating that it intended to vary three levels rather than two, Nunez cannot show that the court did not intend to sentence him to 270 months. See United States v. White, 405 F.3d 208, 221 (4th Cir. 2005) (expressing that in conducting plain error review this court does not presume prejudice but instead requires the defendant to demonstrate actual prejudice).

In this case, we find Nunez cannot show actual prejudice in the court's imposition of a 270-month sentence based on an arguably incorrectly calculated Guidelines range. Nunez cannot show any substantial likelihood that his sentence would have been any different had the district court computed a lower advisory Guidelines range of imprisonment. Nunez does not point to any non-speculative basis for concluding that the court would not have arrived at the same sentence had it started at a lower range. See United States v. Knight, ___ F.3d ___, 2010 WL 2220898 at *7 (4th Cir. June 4, 2010) (noting that, while it may have been enough to satisfy Knight's plain-error burden if

7

the district court had explicitly connected the chosen sentence to the advisory range, the court made no such statements and therefore Knight's assertions were pure speculation). Because Nunez fails to show his substantial rights were affected, we conclude he cannot establish plain error in the district court's presumably erroneous computation of the Guidelines range. We further find no abuse of discretion in the chosen sentence.

For the foregoing reasons, we affirm Nunez's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED