**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4698**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VERLINE HARRIS,

Defendant - Appellant.

_____

**No. 15-4709**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BARBARA BING,

Defendant - Appellant.

_____

**No. 15-4716**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARLETTE JOHNSON,

        Defendant - Appellant.

------

**No. 15-4736**

------

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHNNY STALLION,

        Defendant - Appellant.

------

**No. 15-4759**

------

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALFREDA STALLION,

        Defendant - Appellant.

------

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Chief District Judge. (2:14-cr-00137-RBS-RJK-7; 2:14-cr-00137-RBS-RJK-4; 2:14-cr-00137-RBS-RJK-8; 2:14-cr-00137-RBS-RJK-10; 2:14-cr-00137-RBS-RJK-9)

------

Submitted:  January 26, 2017                    Decided:  August 31, 2017

---

Before KING and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed in part; vacated in part and remanded for resentencing by unpublished per curiam opinion.

---

Scott F. Hallauer, HALLAUER LAW FIRM, Virginia Beach, Virginia; Jason A. Dunn, JASON A. DUNN, PLC, Virginia Beach, Virginia; Harry D. Harmon, Jr., Norfolk, Virginia; Richard S. Yarow, RICHARD S. YAROW, LLC, Portsmouth, Virginia; Robert L. Jenkins, Jr., BYNUM & JENKINS, PLLC, Alexandria, Virginia, for Appellants. Dana J. Boente, United States Attorney, Joseph L. Kosky, V. Kathleen Dougherty, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Defendants Verline Harris, Barbara Bing, Arlette Johnson, Johnny Stallion, and Alfreda Stallion of several crimes relating to an extensive scheme to commit Medicaid fraud. Harris, Johnson, Johnny Stallion, and Alfreda Stallion appeal their convictions for making false statements relating to health care matters. Johnson additionally appeals her convictions for perjury and theft of public money. All five Defendants appeal their sentences. Because the district court plainly erred when it miscalculated Bing's Sentencing Guidelines range, we vacate Bing's sentence and remand for resentencing. Finding no other reversible error, we affirm the remaining defendants' convictions and sentences.

I.

Harris, Johnson, Johnny Stallion, and Alfreda Stallion first claim that the evidence at trial was insufficient to support the convictions they now challenge on appeal. "A defendant challenging the sufficiency of the evidence faces a heavy burden." *United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007). "A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it." *Id.* at 244. Evidence is "substantial" if, viewed in the light most favorable to the government, "there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* at 245.

Having carefully reviewed the record, we conclude that the record contains ample evidence from which a reasonable jury could find beyond a reasonable doubt that these four Defendants were guilty of making false statements relating to health care matters. We

4

further hold that the evidence at trial was sufficient to support Johnson's convictions for perjury and theft of public money. Defendants have not met the heavy burden necessary to disturb the verdicts against them.

## II.

Defendants also challenge their sentences, which we review for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We must "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range." *Id.* at 51. "In determining whether a district court properly applied the advisory Guidelines, including application of any sentencing enhancements, we review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009).

All five Defendants argue that their sentences are procedurally unreasonable because the district court miscalculated their Sentencing Guidelines ranges by improperly applying two sentencing enhancements relating to amount of loss. *See U.S. Sentencing Guidelines Manual* § 2B1.1(b)(1)(I), (7)(B) (2015). Our review of the record reveals that the Government proved the amount of loss to the requisite degree of certainty and that the district court's resulting estimate was not clearly erroneous. *See United States v. Catone*, 769 F.3d 866, 876 (4th Cir. 2014); USSG § 2B1.1 cmt. n.3(C).

Bing also argues that the district court improperly applied a two-level sentencing enhancement under § 2B1.1(b)(7) when calculating her Guidelines range. Bing notes that she was only convicted of perjury, and argues that § 2B1.1(b)(7) only applies to those

5

convicted of a federal health care offense. Because Bing did not advance this specific argument before the district court, our review is for plain error. *United States v. Smith*, 441 F.3d 254, 271 (4th Cir. 2006). Thus, Bing "must show that an error occurred, that the error was plain, and that the error affected [her] substantial rights." *Id.* Even if all of these requirements are met, we should not exercise our discretion to correct the error unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)). We conclude that the district court plainly erred in applying the enhancement.

Section 2B1.1(b)(7) applies if a "defendant was convicted of a Federal health care offense involving a Government health care program." A "Federal health care offense" is defined as a violation of any statute listed in 18 U.S.C. § 24. USSG § 2B1.1 cmt. n.1. Unlike the other defendants in this case, Bing was only convicted of perjury, in violation of 18 U.S.C. § 1623, which does not appear in § 24's list of qualifying statutory offenses. Thus, perjury is not a federal health care offense.

The Guidelines instruct that factors—like USSG § 2B1.1(b)(7)—which "expressly" require "convict[ion] of a particular statute" should generally only apply if such a conviction was in fact obtained. USSG § 1B1.3 cmt. n.7.[*] Because Bing was not convicted of a federal health care offense, the district court erred when it applied this enhancement.

---

[*] There are exceptions to this general rule for defendants "convicted of conspiracy, attempt, solicitation, aiding or abetting, accessory after the fact, or misprision of felony." USSG § 1B1.3 cmt. n.7. Bing's sentence was calculated in part by using accessory after

6

This error was also plain, given that it contradicted the clear instructions of the Sentencing Guidelines. *See United States v. Ford*, 88 F.3d 1350, 1356 (4th Cir. 1996) (finding plain error when a defendant received "criminal history points for a prior conviction that was part of the same course of conduct as his current convictions," despite Sentencing Guidelines instructions to the contrary). And the error affected Bing's substantial rights. "In the sentencing context, an error affects substantial rights if the defendant can show that the sentence imposed 'was longer than that to which he would otherwise be subject.'" *United States v. Nunez*, 387 F. App'x 341, 344 (4th Cir. 2010) (quoting *United States v. Washington*, 404 F.3d 834, 849 (4th Cir. 2005)). Here, the district court's misapplication of USSG § 2B1.1(b)(7) increased Bing's offense level by two, resulting in a Guidelines range of 33 to 41 months in prison. The district court then found that the "maximum Guidelines sentence" was the appropriate sentence for Bing. J.A. 2626. Without the erroneous enhancement, Bing's offense level would have been 18, resulting in a Guidelines range of 27 to 33 months in prison. We conclude that Bing likely received a higher sentence because of the error.

Although we need not always correct plain error, "[f]airness dictates that [a defendant] be sentenced under the correct Guidelines range, particularly when doing so could potentially lead to a sentence reduction." *United States v. Garcia-Lagunas*, 835 F.3d

---

the fact guidelines. *See* U.S.S.G. § 2J1.3(c)(1) (determining sentencing for perjury by referencing the formula in § 2X3.1, which determines sentencing for accessories after the fact). Since Bing was not actually convicted of being an accessory after the fact, however, this exception does not apply in her case.

7

479, 497 (4th Cir. 2016). We therefore exercise our discretion to correct the error, vacate Bing's sentence, and remand for resentencing.

## III.

Finally, we reject Harris and Bing's claim that the district court erroneously applied provisions from both the 2014 and 2015 editions of the Sentencing Guidelines when calculating their advisory ranges. Defendants did not raise this issue before the district court, and thus our review is for plain error only. *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012). Because these Defendants' Guidelines ranges would have been the same as to the challenged provision using either the 2014 or the 2015 manual, the requirements for plain error are not met here.

## IV.

Accordingly, we affirm the judgments of the district court with respect to all Defendants except Bing, whose sentence we vacate. While we remand for resentencing of Bing, we deny Bing's motion for leave to file a pro se supplemental brief. We also deny Alfreda Stallion's motion for leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED IN PART*
*AND REMANDED FOR RESENTENCING*

8